UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JOANN TYDINGS,

      Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

_____/

CASE NO.:

DIVISION:

## NOTICE OF REMOVAL

Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Far"), pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, hereby removes this action to the United States District Court for the Middle District of Florida, Ocala Division, and states:

1.     This lawsuit is a civil action within the meaning of 28 U.S.C. §§1441(b) and 1446(b).

2.     On 12/27/17, Plaintiff, JOANN TYDINGS, filed a civil action captioned *Joann Tydings v. State Farm Mutual Automobile Insurance Company*, Case No.: 17-CA-002289, in the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida.   *See* Exhibit A, Plaintiff's Complaint.  Plaintiff seeks damages for an alleged automobile accident that occurred on or about July 26, 2013, in Marion County, Florida.  Plaintiff's lawsuit against Defendant seeks to recover uninsured/underinsured motorist benefits.

3.     This action falls within this Court's diversity jurisdiction under 28 U.S.C. §1332(a)(1) because the parties are "citizens of different states, and the amount in controversy exceeds $75,000.00."

**A.      COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.**

4.      Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Defendant, State Farm.

5.      A corporation is deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.  *See* 28 U.S.C. § 1441(c)(1).

6.      Plaintiff alleges that she is a resident of Marion County, Florida. *See* Exhibit A, para. 2.

7.      Defendant is a corporation organized under the laws of the State of Illinois, and has its principal place of business at 1 State Farm Plaza, Bloomington, IL 67171-0001.  Thus, Defendant is a citizen of Illinois.

**B.      THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

8.      The amount in controversy in this case exceeds $75,000.00.  *See* 28 U.S.C. § 1332(a).

9.      Plaintiff provided sworn answers to interrogatories, which were executed on February 15, 2018, and served on March 20, 2018.  *See* Exhibit B.  In those answers, when asked to "List each item of expense or damage, other than loss of income or earning capacity, that you claim to have incurred as a result of the incident described in the Complaint…" **Plaintiff claims to have incurred, to date, $184,621.92 in total medical bills, of which there remains a balance of $156,913.75**.  See Ex. B, #12.

10.      Thus, the jurisdictional amount in controversy is satisfied.

## C.    THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

11.    Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division corresponding to Marion County, Florida, where the state court action was pending.

12.    This Notice of Removal is filed within 30 days of Defendant's receipt, through service, of Plaintiff's Answers to Interrogatories. Thus, this Notice is timely under 28 U.S.C. § 1446(b).

13.    Removal is permissible because Defendant is not a citizen of Florida, "the state in which [this] action is brought." 28 U.S.C. § 1441(b).  Plaintiff's Answers to Interrogatories was the first indication to Defendant that this action was properly removable.  Furthermore, this Petition has been made within one (1) year of commencement of the action in State Court, which was on December 27, 2017.

14.    As required by 28 U.S.C. § 1446(a) and Local Rule 4.02(b), Defendant has attached copies of all process, pleadings, orders, and other paper of every kind served upon Defendant. *See* Exhibits A & C.

15.    Pursuant to 28 U.S.C § 1446(d), Defendant has provided written notice of the removal of this action to Plaintiff, and a Notice of Filing this Notice of Removal is being filed with the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida.  A copy of the Notice of Filing is attached hereto as Exhibit D.

16.    If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to take discovery and present a brief and oral argument in support of its position that this case is removable.  *See* Fed. R. Civs. P. 26; *Steele v. Underwriters Adjusting Co., Inc.*, 649 F.Supp. 1414, 1418 (M.D. Ala.1986) ("A period of discovery which has as its sole

purpose the determination of the amount in controversy would clarify the jurisdictional question in this case. This will give the Defendant an opportunity to submit requests for admissions, etc., in an effort to require Plaintiff to be specific regarding the value of Plaintiff's case. It will also give the Plaintiff an opportunity to submit an affidavit admitting that his case is worth less than $10,000.00, if that was, in fact, what Plaintiff was attempting to do in his motion to remand.")

**WHEREFORE**, Defendant, State Farm Mutual Automobile Insurance Company, hereby removes the above-captioned action from the Circuit Court of the Fifth Judicial Circuit in and for Marion County, Florida, and requests that further proceedings be concluded in this Court as provided by law.

<u>**CERTIFICATE OF SERVICE**</u>

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished via E-Mail this 2nd day of April, 2018, to the following: Michael J. Smith, Esquire, Morgan & Morgan, P.A., MSmith@forthepeople.com, RPadgett@forthepeople.com, and ECannon@forthepeople.com.

Electronically signed by attorney after review

**PAUL U. CHISTOLINI, ESQUIRE**
Florida Bar No.: 645141
**STARR L. BROOKINS, ESQUIRE**
Florida Bar No.:0092284
**Smoak, Chistolini & Barnett, PLLC**
320 W. Kennedy Blvd.
4th Floor
Tampa, FL  33606
(813) 221-1331 Telephone
(813) 223-7881 Facsimile
courtdocuments@flatrialcounsel.com
**Counsel for Defendant**